SÁNCHEZ ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Purchase and Sale with a Curable Defect.

No. 464.—Decided June 25, 1920.

COMMUNITY PROPERTY—SEPARATE PROPERTY—PRESUMPTION.—No authentic document having been presented to show when and how the wife acquired the money invested in the purchase of the property, or that it was her marriage portion, and the mere statements made in the deed by the parties themselves, or by third persons, not being sufficient for that purpose, the pre-

sumption is that the property is community property, according to section 1322 of the Civil Code.

The facts are stated in the opinion.

*Mr. M. Tous Soto* for the appellants.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a deed executed on April 6, 1920, before Notary Manuel Tous Soto, Manuel Vázquez Alayón, with the express consent of his wife, Carlota Díaz y Díaz, sold to Isabel Sánchez, the wife of Victoriano M. Fernández, a house and lot belonging to the conjugal partnership for the sum of $3,000, the notary certifying to the delivery of the property to the grantee. Besides the spouses Isabel Sánchez and Victoriano M. Fernández, the father of the former, Pío Sánchez y Martín, also appeared before the notary and they all declared "that Pío Sánchez y Martín had in his possession as a deposit the sum of $3,500 made up of various smaller sums of money which his daughter, Isabel Sánchez de Fernández, had delivered to him prior to her marriage, she having earned it by her personal efforts and industry during her celibacy and it being her own private property, as is admitted by her husband, Victoriano M. Fernández, and the said sum of $3,500 is now returned to her by her depositary, Pío Sánchez y Martín, in gold coin and U. S. bank notes, she giving to him a full discharge as her depositary and thanking him for the safekeeping of her money." It was also set out in the same deed that the grantee paid to the grantor the purchase price of the property, or $3,000, in the same notes and coin which her father, Pío Sánchez y Martín, had delivered to her and that Manuel Vázquez Alayón accepted it in the name of the conjugal partnership managed by him and gave to the grantee a receipt in full for said purchase price, the manner of payment and the ownership of the money used for that purpose being acknowledged by

Victoriano M. Fernández, who also admitted the separate character of the purchase of the said urban property by his wife.

The deed of sale having been presented in the Registry of Property of San Juan for admission to record, the registrar recorded it on April 13, 1920, but subject to the curable defect that the origin of the purchase money had not been shown.

That decision, in so far as it relates to the curable defect assigned, is what gave rise to the present appeal.

The registrar is right. The question of law involved has been disposed of by this court in the case of *Feliú et al.* v. *Registrar of Property*, 16 P. R. R. 728, in which we said:

"Section 1322 of the Civil Code provides that all conjugal property shall be regarded as ganancial, unless it be shown that it belongs exclusively to either the husband or the wife; and in this case it has not been shown that the property in question belongs exclusively to Justina Servera.

"While it is true that in the deed referred to Mrs. Servera and her husband affirm that the purchase is made with private funds belonging to the former, such a statement is not sufficient to warrant the presumption that the property belongs exclusively to the wife.

"The manner in which the purchase money has been obtained should be shown in a more authentic way than by the mere statements of the interested spouses, for, if a mere assertion should be regarded as sufficient for that purpose, the individual will of private persons would alter the rights granted by law to the husband in the conjugal partnership; a means of violating the provision of law prohibiting contracts between them would be furnished the spouses; and the averment of the husband in a deed of purchase and sale that the purchase money belonged to his wife would furnish a means of concealing an illicit donation, according to a decision of the General Directorate of Registries of June 30, 1888."

We applied that doctrine to the later case of *Acosta* v. *Registrar of Caguas*, 27 P. R. R. 232.

It is true that in this case Pío Sánchez Martín, the father of Isabel Sánchez, was a party to the deed for the purpose of showing the origin of the purchase money and to prove that it was the grantee's own money, as both she and her husband declared; but that fact does not favor the appellant.

A case very similar to this was decided by the General Directorate of Registries of Spain on January 17, 1913. In that case it was declared that the wife had acquired the purchase money by her own industry prior to her marriage, and a brother of hers appeared at the execution of the deed and delivered to her a certain sum of money which she had deposited with him. Notwithstanding this, the Directorate held as follows:

"That no authentic document having been presented to prove when and how the wife acquired the money paid for the property, or that it was her marriage portion, and the mere declarations made in the deed by the parties themselves, or by third persons, not being sufficient for that purpose, the presumption is that the property is community property, according to article 1407 of the Civil Code."

The purchase by Isabel Sánchez de Fernández can not be considered as privately hers; hence the curable defect assigned by the registrar existed.

We refrain from considering other questions relative to the legal effects of the declarations made in the deed by the spouses Isabel Sánchez and Victoriano M. Fernández and by Pío Sánchez Martín, the father of the former, regarding the origin and ownership of the money with which the purchase was made, for it is sufficient for the purposes of this appeal to say that the said declarations do not destroy the presumption that the house and lot whose record is involved are community property.

The decision appealed from should be

*Affirmed.*

Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison concurred in the judgment.

Mr. Justice Wolf took no part in the decision of this case.